ELMER MILLER v. GOODHUE-RICE-WABASHA CITIZENS ACTION COUNCIL, INC., AND ANOTHER.

197 N. W. 2d 424.

April 21, 1972—No. 43234.

*Carroll, Cronan, Roth & Austin* and *Thomas A. Foster,* for relators. *Smith & Schreiber, Jerome A. Schreiber,* and *Dennis H. Weber,* for respondent.

Heard before Murphy, Peterson, Kelly, and Nelson, JJ.

---

[2] See footnote 1, *supra.*

Per Curiam.

Certiorari to review a decision of the Workmen's Compensation Commission affirming findings and determination of the compensation judge awarding employee temporary total disability. Employer and insurer contend that compensation should have been denied on the ground that the injury giving rise to the disability did not arise out of and in the course of employee's employment.

It appears from the record that employee, Elmer Miller, age 57, was a physically handicapped person employed by the Goodhue-Rice-Wabasha Citizens Action Council, Inc., for light cleanup work at the marina in Lake City, Minnesota. As a result of a birth injury, he suffered from epilepsy and also from atrophy of his left hand, arm, and leg. On May 8, 1969, on his return from lunch, while ascending steps at the premises where he was employed, his left leg "locked" and he fell, fracturing his hip. On March 20, 1970, while walking with a cane, and while still recovering from the injury of May 8, 1969, his leg again "locked" in the same manner, causing him to fall and again fracture the left hip, as a result of which there was further hospitalization and disability.

The record fairly supports the determination of the Workmen's Compensation Commission that, even though employee's handicap may have been a factor in the original fall, the injury resulting therefrom was nevertheless compensable under Stenberg v. Raymond Co-op. Creamery, 209 Minn. 366, 296 N. W. 498 (1941), and Barlau v. Minneapolis-Moline P. I. Co. 214 Minn. 564, 9 N. W. 2d 6 (1943), and that the second fall and injury were consequential, occurring by reason of a condition resulting from the first injury, and therefore compensable.

Employee is allowed $250 attorneys' fees.

Affirmed.